E-FILED
Thursday, 22 February, 2007  12:02:37 PM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that a person would have given certain testimony.

I have taken judicial notice of certain facts that may be regarded as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's age;

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

4

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

You have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

7

The indictment in this case is the formal method of accusing the defendants of offenses and placing the defendants on trial. It is not evidence against the defendants and does not create any inference of guilt.

Each of the defendants is charged with the offenses of conspiracy to distribute cocaine base (crack) and distribution of cocaine base (crack). Count 2 charges distribution of cocaine. The defendants have pleaded not guilty to the charges.

8

Each count of the indictment charges each defendant named in that count with having committed a separate offense.

You must give separate consideration both to each count and to each defendant. You must consider each count and the evidence relating to it separate and apart from every other count.

You should return a separate verdict as to each defendant and as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to that defendant under any other count.

9

The defendants are presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendants are guilty as charged. The government has the burden of proving the guilt of the defendants beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendants are never required to prove their innocence or to produce any evidence at all.

Even though the defendants are being tried together, you must give each of them separate consideration. In doing this, you must analyze what the evidence shows about each defendant, leaving out of consideration any evidence that was admitted solely against some other defendant or defendants. Each defendant is entitled to have his case decided on the evidence and the law that applies to that defendant.

11

The defendants have an absolute right not to testify. The fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict.

When the word "knowingly" is used in these instructions, it means that a defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by a defendant's conduct, and by all the facts and circumstances surrounding the case.

You may infer knowledge from a combination of suspicion and indifference to the truth. If you find that a person had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet shut their eyes for fear of what they would learn, you may conclude that they acted knowingly, as I have used that word. You may not conclude that a defendant had knowledge if he was merely negligent in not discovering the truth.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

14

Based on their experience, crack users and experienced drug agents familiar with crack on the street are qualified to give an opinion that a substance is cocaine base crack. It is up to you to determine how much weight, if any, to give to those opinions.

14a

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them, just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations prepared by government agents.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

15

Certain summaries are in evidence. They truly and accurately summarize the contents of voluminous books, records or documents, and should be considered together with and in the same way as all other evidence in the case.

16

You have heard evidence that before the trial a witness made a statement that may be inconsistent with the witness's testimony here in court. If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness's testimony in this trial. You may not use it as evidence of the truth of the matters contained in that prior statement. If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

You have heard testimony from Douglas Sherman who:

(a) received immunity; that is, a promise from the government that any testimony or other information he provided would not be used against him in a criminal case; and/or,

(b) received benefits from the government in connection with this case; and/or,

(c) stated that he was involved in the commission of the offenses as charged against the defendants.

You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

18

You are not to speculate about or discuss what sentence a defendant might receive if you return a guilty verdict. You are not to consider potential sentences in any way in reaching your verdicts. You have no role to play in the matter of sentencing. Sentencing is solely the duty of the Judge.

19

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt.

A defendant's association with conspirators or persons involved in a criminal enterprise is not by itself sufficient to prove his participation or membership in a conspiracy

20

A person responsible for the conduct of another may be found guilty even though the one who it is claimed committed the crime has not been found guilty.

21

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

22

Any person who knowingly aids, counsels, commands, induces or procures the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

23

If a defendant knowingly caused the acts of another, the defendant is responsible for those acts as though he personally committed them.

24

You are instructed that cocaine, cocaine base and cocaine base (crack) are Schedule II controlled substances.

25

Crack is the street name for a form of cocaine base, usually prepared by processing

cocaine hydrochloride and sodium bicarbonate and usually appearing in a lumpy, rock like form.

26

Distribution is the transfer of possession from one person to another.

27

To sustain the charge of conspiracy in Count 1, the government must prove:

First, that the conspiracy as charged in Count 1 existed, and

Second, that a defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

28

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.

It is not necessary that all the overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act.

To be a member of the conspiracy, a defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

29

A conspirator is responsible for offenses committed by his fellow conspirators if he was a member of the conspiracy when the offenses were committed and if the offenses were committed in furtherance of and as a foreseeable consequence of the conspiracy.

Therefore, if you find a defendant guilty of the conspiracy as charged in Count 1 and if you find beyond a reasonable doubt that while he was a member of the conspiracy, his fellow conspirators committed the offenses in Counts 2 - 18 in furtherance of and as a foreseeable consequence of that conspiracy, then you should find him guilty of the offenses as charged in Counts 2 - 18 where he is charged in the indictment.

If you find a defendant not guilty of the conspiracy as charged in Count 1, you must then go on to consider whether that defendant is guilty or not guilty of Counts 2 through 18, giving each defendant separate consideration on each count.

30

To sustain the charge of distribution as charged in Count 2, the government must prove the following propositions:

First, the defendant distributed a controlled substance; and,

Second, the defendant did so knowingly or intentionally; and,

Third, the defendant knew the substance was a controlled substance.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

To sustain the charge of distribution as charged in Counts 3 through 18, the government must prove the following propositions:

First, the defendant distributed a controlled substance;

Second, the defendant did so knowingly or intentionally; and,

Third, the defendant knew the substance was a controlled substance.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

32

It is sufficient that the defendant knew that the substance was some kind of prohibited

drug. It does not matter whether the defendant knew that the substance was cocaine base (crack).

Upon retiring to the jury room, select one of your number as your Foreperson. The Foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your Foreperson will fill in and date the appropriate form, and each of you will sign it.

34

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the Foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

35

# United States vs. Bennett, et al.

| COUNT | DEFENDANT | WEIGHT |
|---|---|---|
| 3 | Adrein Bennett<br>Neashon Washington | 1.5 |
| 4 | Adrein Bennett<br>Terry Bennett | 0.9 |
| 5 | Adrein Bennett<br>Neashon Washington | 1.8 |
| 6 | Adrein Bennett<br>Neashon Washington | 1.8 |
| 7 | Adrein Bennett<br>Neashon Washington | 3.0 |
| 8 | Adrein Bennett | 2.3 |
| 9 | Adrein Bennett | 1.6 |
| 10 | Adrein Bennett | 2.3 |
| 11 | Adrein Bennett<br>Terry Bennett | 3.2 |
| 12 | Adrein Bennett | 4.1 |
| 13 | Adrein Bennett | 3.7 |
| 14 | Adrein Bennett<br>Neashon Washington | 2.9 |
| 15 | Adrein Bennett | 3.5 |
| 16 | Adrein Bennett<br>Neashon Washington | 3.3 |
| 17 | Adrein Bennett<br>Neashon Washington | 2.6 |
| 18 | Neashon Washington | 8.0 |
| | | |
| | Total | 46.5 |

36

06-10033 E-FILED
Thursday, 08 March, 2007  03:33:39 PM
Clerk, U.S. District Court, ILCD

We the jury find the defendant,

**ADREIN BENNETT**

_____GUILTY

_____NOT GUILTY

of the charge of Conspiracy to Distribute a controlled substance as alleged in Count 1 of the

Indictment.

_____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____

37

If you find the defendant, Adrein Bennett, guilty of Conspiracy as charged in Count 1 of the Indictment, next you must find beyond a reasonable doubt the quantity of drugs involved. Indicate your findings as to the quantity of drugs below and have each juror sign this form.

We, the jury, find that the amount of controlled substances involved in the conspiracy and reasonably foreseeable to Adrein Bennett was:

\_\_\_\_\_ less than 5 grams

\_\_\_\_\_5 grams or more, but less than 50 grams

\_\_\_\_\_50 grams or more

_____     _____
                                         Foreperson

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

38

We the jury find the defendant,

## NEASHON WASHINGTON

_____GUILTY

_____NOT GUILTY

of the charge of Conspiracy to Distribute a controlled substance as alleged in Count 1 of the

Indictment.

_____
Foreperson

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____

39

If you find the defendant, Neashon Washington, guilty of Conspiracy as charged in Count 1 of the Indictment, next you must find, beyond a reasonable doubt, the quantity of drugs involved. Indicate your findings as to the items below and have each juror sign this form.

We, the jury, find that the amount of controlled substances involved in the conspiracy and reasonably foreseeable to Neashon Washington was:

_____ less than 5 grams

_____ 5 grams or more, but less than 50 grams

_____ 50 grams or more


_____        _____
                                        Foreperson


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

40

We the jury find the defendant,


**TERRY BENNETT**

_____GUILTY

_____NOT GUILTY

of the charge of Conspiracy to Distribute a controlled substance as alleged in Count 1 of the

Indictment.


_____
Foreperson

_____     _____


_____     _____


_____     _____


_____     _____


_____     _____


_____

41

If you find the defendant, Terry Bennett, guilty of Conspiracy as charged in Count 1 of the Indictment, you must also find beyond a reasonable doubt the quantity of drugs involved. Indicate your findings as to the items below and have each juror sign this form.

We, the jury, find that the amount of controlled substances involved in the conspiracy and necessary foreseeable to Terry Bennett was:

_____ less than 5 grams

_____5 grams or more, but less than 50 grams

_____50 grams or more

_____          _____

                                           Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____



If you find any defendant guilty of Conspiracy as charged in Count 1 of the Indictment, next you must find, beyond a reasonable doubt, the type of drugs involved.  Indicate your findings as to the items below and have each juror sign this form.

We, the jury, find that the conspiracy charged in Count 1 was to distribute:

\_\_\_\_\_cocaine base

\_\_\_\_\_cocaine base (crack)

_____          _____
                                            Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

43

We the jury find the defendant,

**ADREIN BENNETT**

_____    GUILTY

_____    NOT GUILTY

of the charge of Distribution of cocaine as alleged in Count 2 of the Indictment.

_____
Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____

44

We the jury find the defendant,

**NEASHON WASHINGTON**

_____    GUILTY

_____    NOT GUILTY

of the charge of Distribution of cocaine as alleged in Count 2 of the Indictment.

_____
Foreperson

45

We the jury find the defendant,

**ADREIN BENNETT**

_____    GUILTY

_____    NOT GUILTY

of the charge of Distribution of a controlled substance as alleged in Count 3 of the Indictment.

_____
Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____

46

We the jury find the defendant,

## NEASHON WASHINGTON

_____    GUILTY

_____    NOT GUILTY

of the charge of Distribution of a controlled substance as alleged in Count 3 of the Indictment.

_____
Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____

47

If you find any defendant guilty of Distribution as charged in Count 3 of the Indictment,

next you must find, beyond a reasonable doubt, the type of drugs involved. Indicate your

findings as to the items below and have each juror sign this form.

We, the jury, find that the drug distributed in Count 3 was:

_____cocaine base, but not cocaine base (crack); or

_____cocaine base (crack)

_____                    _____
                                                    Foreperson

_____                    _____


_____                    _____


_____                    _____


_____                    _____


_____                    _____

48

We the jury find the defendant,

**TERRY BENNETT**

_____    GUILTY

_____    NOT GUILTY

of the charge of Distribution of a controlled substance as alleged in Count 4 of the Indictment.


_____
Foreperson

_____    _____


_____    _____


_____    _____


_____    _____


_____    _____


_____

We the jury find the defendant,

## TERRY BENNETT

_____  GUILTY

_____  NOT GUILTY

of the charge of Distribution of a controlled substance as alleged in Count 11 of the Indictment.

Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

We the jury find the defendant,

## NEASHON WASHINGTON

_____    GUILTY

_____    NOT GUILTY

of the charge of Distribution of a controlled substance as alleged in Count 18 of the Indictment.

_____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____

49

If you find any defendant guilty of Distribution as charged in Count 18 of the Indictment, next you must find, beyond a reasonable doubt, the type of drugs involved. Indicate your findings as to the items below and have each juror sign this form.

We, the jury, find that the drug distributed in Count 18 was:

_____cocaine base, but not cocaine base (crack); or

_____cocaine base (crack)

_____

_____    Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

50

If you find any defendant guilty of Distribution as charged in Count 18 of the Indictment, next you must find, beyond a reasonable doubt, the quantity of drugs involved. Indicate your findings as to the items below and have each juror sign this form.

We, the jury, find that the amount of controlled substances involved in Count 18 was:

_____ less than 5 grams

_____5 grams or more, but less than 50 grams

_____50 grams or more

_____          _____
                                         Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

51

*06-10033*
*WENT TO JURY*

We the jury find the defendant,

## **TERRY BENNETT**

_____GUILTY

_____NOT GUILTY

of the charge of Conspiracy to Distribute a controlled substance as alleged in Count 1 of the

Indictment.

Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____

If you find the defendant, Adrein Bennett, guilty of Conspiracy as charged in Count 1 of the Indictment, next you must find, beyond a reasonable doubt, the quantity of drugs involved. Indicate your findings as to the items below and have each juror sign this form.

We, the jury, find that the amount of controlled substances involved in the conspiracy and reasonably foreseeable to Adrein Bennett was:

_____ less than 5 grams

_____ 5 grams or more, but less than 50 grams

_____ 50 grams or more

_____          _____
                                        Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

If you find the defendant, Neashon Washington, guilty of Conspiracy as charged in Count 1 of the Indictment, next you must find, beyond a reasonable doubt, the quantity of drugs involved. Indicate your findings as to the items below and have each juror sign this form.

We, the jury, find that the amount of controlled substances involved in the conspiracy and reasonably foreseeable to Neashon Washington was:

_____ less than 5 grams

_____ 5 grams or more, but less than 50 grams

_____ 50 grams or more

_____          _____
                                              Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

If you find the defendant, Terry Bennett, guilty of Conspiracy as charged in Count 1 of the Indictment, next you must find beyond a reasonable doubt the quantity of drugs involved. Indicate your findings as to the quantity of drugs below and have each juror sign this form.

We, the jury, find that the amount of controlled substances involved in the conspiracy and reasonably foreseeable to Terry Bennett was:

_____ less than 5 grams

_____5 grams or more, but less than 50 grams

_____50 grams or more

_____          _____

                                         Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____