E-FILED[1]
Thursday, 24 January, 2008  01:38:36 PM
Clerk, U.S. District Court, ILCD

1     THE UNITED STATES DISTRICT COURT
         FOR THE CENTRAL DISTRICT OF ILLINOIS
2

3

4

5

UNITED STATES OF AMERICA,          )
6                                  )
                    Plaintiff,     ) Criminal No.
7                                  ) 06-10033
          vs.                      ) Peoria, Illinois
8                                  )
ADRIEN BENNETT, TERRY BENNETT      )
9   and NEASHON WASHINGTON,        )
                                   )
10                  Defendants.    )

11

12

13

14       EXCERPT FROM JURY TRIAL PROCEEDINGS
              COURT'S INSTRUCTIONS
15             FEBRUARY 20, 2007

16

17

18               BEFORE:

19         HONORABLE MICHAEL M. MIHM
            United States District Judge
20

21

22

23

24

25

```
1                        APPEARANCES:

2                   K. TATE CHAMBERS, ESQ.
                    BRADLEY W. MURPHY, ESQ.
3               Assistant United States Attorneys
                  200 Fulton Street, Suite 400
4                 Peoria Island, Illinois  61602
                (Appeared on Behalf of the Government)
5

6                    JOHN P. LONERGAN, ESQ.
                411 Hamilton Boulevard, Suite 1708
7                    Peoria, Illinois  61602
                (Appeared on Behalf of Adrein Bennett)
8

9                    MICHAEL J. PETRO, ESQ.
                    53 W. Jackson, Suite 1264
10                  Chicago, Illinois  60604
                (Appeared on Behalf of Terry Bennett)
11

12                  WILLIAM C. LOEFFEL, ESQ.
                    139 E. Washington Street
13               East Peoria, Illinois  61611
             (Appeared on Behalf of Neashon Washington)
14

15

16

17

18

19

20

21

22

23
                     Karen S. Hanna, C.S.R.
24                  U.S. District Court Reporter
                    Central District of Illinois
25   Proceedings recorded by mechanical stenography, transcript
     produced by computer
```

1          THE COURT:  What's going to happen now, I'm
2     going to read a large number of instructions to you.  You
3     will have these instructions in the jury room.  I'm going
4     to send six copies of the instructions to you.  Then in
5     addition to the regular instructions, there will be a
6     large number of verdict forms and some special verdicts or
7     interrogatories that you're going to be called upon
8     perhaps to answer.  So we're going to put these up on the
9     screen.  You can read them while I'm reading them, but
10     don't worry about taking notes unless you want to because
11     you'll have copies of all of this stuff in the jury room.

12          Members of the jury, you have seen and heard all
13     the evidence and the arguments of the attorneys.  Now I
14     will instruct you on the law.

15          You have two duties as a jury.  Your first duty
16     is to decide the facts from the evidence in the case.
17     This is your job and yours alone.  Your second duty is to
18     apply the law that I give you to the facts.

19          You must follow these instructions even if you
20     disagree with them.  Each of the instructions is important
21     and you must follow all of them.

22          Perform these duties fairly and impartially.  Do
23     not allow sympathy, prejudice, fear or public opinion to
24     influence you.  You should not be influenced by any
25     person's race, color, religion, national ancestry or sex.

1        Nothing I say now and nothing I said or did
2   during the trial is meant to indicate any opinion on my
3   part about what the facts are or about what your verdict
4   should be.

5        The verdict must represent the considered
6   judgment of each juror.  Your verdict, whether it be
7   guilty or not guilty, must be unanimous.  You must make
8   every reasonable effort to reach a verdict.  In doing so,
9   you should consult with one another, express your own
10  views and listen to the opinions of your fellow jurors.
11  Discuss these differences with an open mind.  Do not
12  hesitate to reexamine your own views and change your
13  opinion if you come to believe it is wrong, but you should
14  not surrender your honest beliefs about the weight or
15  effect of evidence solely because of the opinions of your
16  fellow jurors or for the purpose of returning a unanimous
17  verdict.  The twelve of you should give fair and equal
18  consideration to all the evidence and deliberate with the
19  goal of reaching an agreement which is consistent with the
20  individual judgment of each juror.  You are impartial
21  judges of the facts.  Your sole interest is to determine
22  whether the Government has proved its case beyond a
23  reasonable doubt.

24       The evidence consists of the testimony of the
25  witnesses, the exhibits admitted in evidence and

1    stipulations.

2            A stipulation is an agreement between both sides

3    that a person would have given certain testimony.

4            I have taken judicial notice of certain facts

5    that may be regarded as matters of common knowledge.  You

6    may accept those facts as proved, but you are not required

7    to do so.

8            You are to decide whether the testimony of each

9    of the witnesses is truthful and accurate in part, in

10   whole or not at all, as well as what weight, if any, you

11   give to the testimony of each witness.  In evaluating the

12   testimony of any witness, you may consider, among other

13   things, the witness' age, the witness' intelligence, the

14   ability and opportunity the witness had to see and hear or

15   know the things that the witness testified about, the

16   witness' memory, any interest, bias or prejudice the

17   witness may have, the manner of the witness while

18   testifying and the reasonableness of the witness'

19   testimony in light of all the evidence in the case.

20           You should use common sense in weighing the

21   evidence and consider the evidence in light of your own

22   observations in life.  In our lives we often look at one

23   fact and conclude from it that another fact exists.  In

24   law, we call this inference.  A jury is allowed to make

25   reasonable inferences.  Any inferences you make must be

1    reasonable and must be based on the evidence in the case.

2            You have heard the phrases "circumstantial

3    evidence" and "direct evidence".  Direct evidence is the

4    testimony of someone who claims to have personal knowledge

5    of the commission of the crime which has been charged,

6    such as an eye witness.  Circumstantial evidence is the

7    proof of a series of facts which tend to show whether the

8    defendant is guilty or not guilty.  The law makes no

9    distinction between the weight to be given either direct

10   or circumstantial evidence.  You should decide how much

11   weight to give to any evidence.  All the evidence in the

12   case, including the circumstantial evidence, should be

13   considered by you in reaching your verdict.

14           Certain things are not evidence.  I will list

15   those for you.  First:  Testimony that I struck from the

16   record or told you to disregard is not evidence and must

17   not be considered.

18           Second:  Anything that you may have seen or

19   heard outside the courtroom is not evidence and must be

20   entirely disregarded.  This includes any press, radio or

21   television reports you may have seen or heard.  Such

22   reports are not evidence and your verdict must not be

23   influenced in any way by such publicity.

24           Third:  Questions and objections by the lawyers

25   are not evidence.  Attorneys have a duty to object when

1    they believe a question is improper.  You should not be

2    influenced by any objection or by my ruling on it.

3            Fourth:  The lawyers' statements to you are not

4    evidence.  The purpose of these statements is to discuss

5    the issues and the evidence.  If the evidence as you

6    remember it differs from what the lawyers said, your

7    memory is what counts.

8            The indictment in this case is the formal method

9    of accusing the defendants of offenses and placing the

10    defendants on trial.  It is not evidence against the

11    defendants and does not create any inference of guilt.

12            Each of the defendants is charged with the

13    offenses of conspiracy to distribute cocaine base crack

14    and distribution of cocaine base crack.  Count 2 charges

15    distribution of cocaine.  The defendants have pleaded not

16    guilty to the charges.

17            Each count of the indictment charges each

18    defendant named in that count with having committed a

19    separate offense.  You must give separate consideration

20    both to each count and to each defendant.  You must

21    consider each count and the evidence relating to it

22    separate and apart from every other count.  You should

23    return a separate verdict as to each defendant and as to

24    each count.  Your verdict of guilty or not guilty of an

25    offense charged in one count should not control your

1    decision as to that defendant under any other count.

2           The defendants are presumed to be innocent of

3    each of the charges.  This presumption continues during

4    every stage of the trial and your deliberations on the

5    verdict.  It is not overcome unless from all the evidence

6    in the case you are convinced beyond a reasonable doubt

7    that the defendants are guilty as charged.

8           The Government has the burden of proving the

9    guilt of the defendants beyond a reasonable doubt.  This

10   burden of proof stays with the Government throughout the

11   case.  The defendants are never required to prove their

12   innocence or to produce any evidence at all.

13          Even though the defendants are being tried

14   together, you must give each of them separate

15   consideration.  In doing this, you must analyze what the

16   evidence shows about each defendant, leaving out of

17   consideration any evidence that was admitted solely

18   against some other defendant or defendants.  Each

19   defendant is entitled to have his case decided on the

20   evidence and the law that applies to that defendant.

21          The defendants have an absolute right not to

22   testify.  The fact that a defendant did not testify should

23   not be considered by you in any way in arriving at your

24   verdict.

25          When the word "knowingly" is used in these

1    instructions, it means that a defendant realized what he

2    was doing and was aware of the nature of his conduct and

3    did not act through ignorance, mistake or accident.

4    Knowledge may be proved by a defendant's conduct and by

5    all the facts and circumstances surrounding the case.

6        You may infer knowledge from a combination of

7    suspicion and indifference to the truth.  If you find that

8    a person had a strong suspicion that things were not what

9    they seemed or that someone had withheld some important

10   facts, yet shut their eyes for fear of what they would

11   learn, you may conclude that they acted knowingly as I've

12   used that word.  You may not conclude that a defendant had

13   knowledge if he was merely negligent in not discovering

14   the truth.

15       You have heard witnesses give opinions about

16   matters requiring special knowledge or skill.  You should

17   judge this testimony in the same way that you judge the

18   testimony of any other witness.  The fact that such a

19   person has given an opinion does not mean that you are

20   required to accept it.  Give the testimony whatever weight

21   you think it deserves, considering the reasons given for

22   the opinion, the witness' qualifications and all of the

23   other evidence in the case.

24       Based on their experience, crack users and

25   experienced drug agents familiar with crack on the street

1    are qualified to give an opinion that a substance is

2    cocaine base crack.  It is up to you to determine how much

3    weight, if any, to give to those opinions.

4           You have heard recorded conversations.  These

5    recorded conversations are proper evidence and you may

6    consider them just as any other evidence.

7           When the recordings were played during the

8    trial, you were furnished transcripts of the recorded

9    conversations prepared by Government agents.  The

10    recordings are the evidence and the transcripts were

11    provided to you only as a guide to help you follow as you

12    listened to the recordings.  The transcripts are not

13    evidence of what was actually said or who said it.  It is

14    up to you to decide whether the transcripts correctly

15    reflect what was said and who said it.  If you noticed any

16    difference between what you heard on the recordings and

17    what you read in the transcripts, you must rely on what

18    you heard, not what you read.  And if after careful

19    listening you could not hear or understand certain parts

20    of the recordings, you must ignore the transcripts as far

21    as those parts are concerned.

22           Certain summaries are in evidence.  They truly

23    and accurately summarize the contents of voluminous books,

24    records or documents and should be considered together

25    with and in the same way as all other evidence in the

1 | case.

2 | You have heard evidence that before the trial a
3 | witness made a statement that may be inconsistent with the
4 | witness' testimony here in court.  If you find that it is
5 | inconsistent, you may consider the earlier statement only
6 | in deciding the truthfulness and accuracy of that witness'
7 | testimony in this trial.  You may not use it as evidence
8 | of the truth of the matters contained in the prior
9 | statement.  If that statement was made under oath, you may
10 | also consider it as evidence of the truth of the matters
11 | contained in that prior statement.

12 | You have heard testimony from Douglas Sherman
13 | who received immunity, that is a promise from the
14 | Government that any testimony or other information he
15 | provided would not be used against him in a criminal case,
16 | and/or received benefits from the Government in connection
17 | with this case, and/or stated that he was involved in the
18 | commission of the offenses as charged against the
19 | defendants.  You may give his testimony such weight as you
20 | feel it deserves, keeping in mind that it must be
21 | considered with caution and great care.

22 | You are not to speculate about or discuss what
23 | sentence a defendant might receive if you return a guilty
24 | verdict.  You are not to consider potential sentences in
25 | any way in reaching your verdicts.  You have no role to

1    play in the matter of sentencing.  Sentencing is solely

2    the duty of the Judge.

3           A defendant's presence at the scene of a crime

4    and knowledge that a crime is being committed is not alone

5    sufficient to establish the defendant's guilt.  A

6    defendant's association with conspirators or persons

7    involved in a criminal enterprise is not by itself

8    sufficient to prove his participation or membership in a

9    conspiracy.

10          A person responsible for the conduct of another

11   may be found guilty even though the one who it is claimed

12   committed the crime has not been found guilty.

13          An offense may be committed by more than one

14   person.

15          A defendant's guilt may be established without

16   proof that the defendant personally performed every act

17   constituting the crime charged.

18          Any person who knowingly aids, counsels,

19   commands, induces or procures the commission of an offense

20   may be found guilty of that offense.  That person must

21   knowingly associate with the criminal activity,

22   participate in the activity and try to make it succeed.

23          If a defendant knowingly caused the acts of

24   another, the defendant is responsible for those acts as

25   though he personally committed them.

1        You are instructed that cocaine, cocaine base

2   and cocaine base crack are Schedule II controlled

3   substances.

4        Crack is the street name for a form of cocaine

5   base usually prepared by processing cocaine hydrochloride

6   and sodium bicarbonate and usually appears in a lumpy,

7   rock-like form.

8        Distribution is the transfer of possession from

9   one person to another.

10       To sustain the charge of conspiracy as charged

11  in Count 1, the Government must prove, first, that the

12  conspiracy as charged in Count 1 existed and, second, that

13  a defendant knowingly became a member of the conspiracy

14  with an intention to further the conspiracy.  If you find

15  from your consideration of all the evidence that each of

16  these propositions has been proved beyond a reasonable

17  doubt, then you should find the defendant guilty.  If, on

18  the other hand, you find from your consideration of all of

19  the evidence that any of these propositions has not been

20  proved beyond a reasonable doubt, then you should find the

21  defendant not guilty.

22       A conspiracy is an agreement between two or more

23  persons to accomplish an unlawful purpose.

24       It is not necessary that all the overt acts

25  charged in the indictment be proved and the overt act

1    proved may itself be a lawful act.

2              To be a member of the conspiracy, a defendant

3    need not join at the beginning or know all the other

4    members or the means by which its purpose was to be

5    accomplished.  The Government must prove beyond a

6    reasonable doubt that the defendant was aware of the

7    common purpose and was a willing participant.

8              A conspirator is responsible for offenses

9    committed by his fellow conspirators if he was a member of

10   the conspiracy when the offenses were committed and if the

11   offenses were committed in furtherance of and as a

12   foreseeable consequence of the conspiracy.  Therefore, if

13   you find a defendant guilty of the conspiracy as charged

14   in Count 1 and if you find beyond a reasonable doubt that

15   while he was a member of the conspiracy his fellow

16   conspirators committed the offenses in Counts 2 through 18

17   in furtherance of and as a foreseeable consequence of that

18   conspiracy, then you should find him guilty of the

19   offenses as charged in Counts 2 through 18 where he is

20   charged in the indictment.

21             If you find a defendant not guilty of the

22   conspiracy as charged in Count 1, then you must go on to

23   consider whether that defendant is guilty or not guilty of

24   Counts 2 through 18, giving each defendant separate

25   consideration on each count.

1            To sustain the charge of distribution as charged

2    in Count 2, the Government must prove the following

3    propositions.  First:  The defendant distributed a

4    controlled substance.  And second:  The defendant did so

5    knowingly or intentionally.  And third:  The defendant

6    knew the substance was a controlled substance.

7            If you find from your consideration of all the

8    evidence that each of these propositions has been proved

9    beyond a reasonable doubt, then you should find the

10   defendant guilty.  If, on the other hand, you find from

11   your consideration of all the evidence that any of these

12   propositions has not been proved beyond a reasonable

13   doubt, then you should find the defendant not guilty.

14           To sustain the charge of distribution as charged

15   in Counts 3 through 18, the Government must prove the

16   following propositions.  First:  The defendant distributed

17   a controlled substance.  Second:  The defendant did so

18   knowingly or intentionally.  Third:  The defendant knew

19   the substance was a controlled substance.

20           If you find from your consideration of all the

21   evidence that each of these propositions has been proved

22   beyond a reasonable doubt, then you should find the

23   defendant guilty.  If, on the other hand, you find from

24   your consideration of all the evidence that any of these

25   propositions has not been proved beyond a reasonable

1  doubt, then you should find the defendant not guilty.

2          It is sufficient that the defendant knew that

3  the substance was some kind of prohibited drug.  It does

4  not matter whether the defendant knew that the substance

5  was cocaine base crack.

6          Upon retiring to the jury room, select one of

7  your number as your foreperson.  The foreperson will

8  preside over your deliberations and will be your

9  representative here in court.

10         Forms of verdict have been prepared for you.

11 Take these forms to the jury room and when you have

12 reached unanimous agreement on the verdict, your

13 foreperson will fill in and date the appropriate form and

14 each of you will sign it.  Actually, there are several to

15 be signed.

16         I do not anticipate that you will need to

17 communicate with me during your deliberations.  If you do,

18 however, the only proper way is in writing, signed by the

19 foreperson or, if he or she is unwilling to do so, by some

20 other juror and then given to the marshal.

21         Then by agreement, you will have this chart in

22 the jury room that describes, beginning with Count 3, who

23 is charged in that count and the alleged weight of the

24 substance involved.

25         Then as to Count 1, you're going to see these

1    verdict forms:  We, the jury, find the defendant, Adrein

2    Bennett, guilty or not guilty of the charge of conspiracy

3    to distribute a controlled substance as alleged in Count 1

4    of the indictment.

5           There will also be a verdict form that says:  If

6    you find the defendant, Adrein Bennett, guilty of

7    conspiracy as charged in Count 1 of the indictment, next

8    you must find beyond a reasonable doubt the quantity of

9    drugs involved.  Indicate your findings as to the quantity

10   of drugs below and have each juror sign this form.

11          Then it says:  We, the jury, find that the

12   amount of controlled substances involved in the conspiracy

13   and reasonably foreseeable to Adrein Bennett was less than

14   5 grams, 5 grams or more but less than 50 grams, 50 grams

15   or more.  Then there's places for you to sign.

16          Then you will find a guilty/not guilty form as

17   to Neashon Washington.  Then you will find a form as to

18   Neashon Washington that you will consider if you find him

19   guilty of the conspiracy where you determine the drug

20   weight.

21          Then there is a guilty or not guilty form

22   regarding Terry Bennett as to Count 1.  Again, if you find

23   him guilty, you will be asked to then determine the weight

24   of the drugs involved.

25          Then there is another form concerning Count 1

1    that says:  If you find any defendant guilty of conspiracy

2    as charged in Count 1 of the indictment, next you must

3    find beyond a reasonable doubt the type of drugs involved.

4    Indicate your finding as to the items below and have each

5    juror sign this form.  We, the jury, find that the

6    conspiracy charged in Count 1 was to distribute cocaine

7    base or cocaine base crack.  Then there's a place for your

8    signature.

9            Count 2, you may recall, it's claimed that the

10   drug was cocaine and there are two defendants named in

11   that count, so there's a guilty or not guilty sheet for

12   each of Adrein Bennett and for Neashon Washington.

13           Then as to Count 3 -- I'm not going to go

14   through all 18 counts, but Count 3 I will show you because

15   it's an example of what you're going to have with the

16   other counts.  In Count 3, Adrein Bennett and Neashon

17   Washington are each charged in that count, so for each of

18   them there's a guilty or not guilty verdict.

19           Then as to Count 3, there is a sheet that says

20   if you find any defendant guilty, then you go on to

21   determine what the drug was, cocaine base or cocaine base

22   crack.  So the rest of them, Counts 4 through 17, are the

23   same.

24           Then regarding Count 18, Neashon Washington

25   alone is charged in that count, so there's a guilty or not

1    guilty sheet for him, also a sheet that tells you that if

2    you find him guilty then you need to determine what the

3    drug is.  Then the last sheet is saying if you find him

4    guilty, then you need to determine the weight of the drug.

5              There's a lot of paper here.  What we've done in

6    order to try to keep this as understandable as possible,

7    as to the verdict forms, verdict forms that are relevant

8    to any particular count, we have a separate folder for

9    each count and there's only one of those.

10             So, for example, on Count 1, where we have three

11   defendants, there's a separate verdict of guilty/not

12   guilty for each one.  There's also a sheet about what the

13   drug is and a separate sheet or verdict as to the weight.

14   I've gone so far as to staple all of the verdicts from a

15   particular count together, so please don't unstaple them.

16             I'm also going to -- we'll be sending up to you

17   these verdict forms.  You're going to get six copies of

18   the instructions as I've just read them.  I'm going to

19   send you a copy -- what I call a clean copy of the

20   indictment which just contains the portion of the

21   indictment that's relevant to your consideration.  Then

22   you will also receive -- we do have some exhibits, I

23   think, that will go up.  As I said, I'm not going to send

24   the crack up.

25             These transcripts are not going to go to the

1  jury room.  They will have to stay down here.  If for some

2  reason you feel you need to hear a particular one again,

3  then you'll need to write that down and give it to me and

4  I'll consider whether to bring you back down or not.

5           Okay.  The clerk informs me that the last

6  alternate who was called forward was Marcia Henry.  Where

7  is Marcia?  Okay.  So, Marcia, do you have stuff upstairs?

8  Okay.  So I'm going to ask you, if you would, to come over

9  and stand over here.  Then I'll give you an opportunity to

10  go up and get your things in just a minute.

11          The twelve of you who will be deliberating,

12  hopefully your lunch is here -- and hopefully your lunch

13  is here too -- but right now I want the people who are

14  going to act as the bailiffs, please take your oath.

15                    (Bailiffs sworn)

16          THE COURT:  Are there any smokers in the group?

17  Okay.  If you take a smoke break, that's fine.  There's a

18  place at the top of the stairs on the landing where you

19  can do that.  But I don't want any deliberations going on

20  while that's happening.

21          Also, there will be times when people will be

22  entering the room for various reasons.  They will always

23  knock before they do that and when you hear that knock, I

24  want you to stop deliberating because your deliberations

25  are to be secret.

1           All right.  So please go to the jury room.

2     We'll start sending this stuff up to you quickly.

3     Hopefully your lunch will be here.  Leave the transcript

4     folders on your seats, but you're certainly welcome to

5     take your notes.

6           (Following held outside the presence of the jury)

7                     (Alternate excused)

8           THE COURT:  Counsel, something I wanted to check

9     very quickly.  When I was reading these -- I'm sorry.  All

10    right.  Right at the end there, I thought there was a

11    verdict form --

12          MR. CHAMBERS:  There was a difference between

13    verdict forms on Count 1 between Adrien's and Terry's

14    because I think -- that's right.  We corrected that on the

15    ones in the folder.

16          THE COURT:  Let me just check one thing.

17          MR. MURPHY:  I think one of them said cocaine

18    base crack.  The other --

19          THE COURT:  I can't hear you.

20          MR. MURPHY:  I think one of them said cocaine

21    base crack.  The other two maybe said controlled

22    substances, but --

23          MR. CHAMBERS:  I think Terry's said cocaine base

24    crack in Count 1.

25          THE COURT:  Well, let's take a look at it.  The

1    verdict forms themselves are correct.

2              MR. CHAMBERS:  I think it was the weight special

3    verdict.

4              THE COURT:  Adrien's is correct.  Neashon's and

5    Terry's are incorrect in that it uses the word crack.  Now

6    maybe they're correct in here.  Just a minute.

7              MR. PETRO:  Is it okay to approach?

8              THE COURT:  Let me look in the folders.  You may

9    want to look at this just to double-check quickly, but I

10   think what I have in the folders is correct, but what I

11   have in the copies of the instructions is not correct.

12             Counsel, when we get done straightening this

13   out, I want you to confer with the clerk about what

14   exhibits should go up.  Hopefully everyone will agree on

15   that.  If there is a disagreement, I will resolve it.  I'm

16   planning to send up what I referred to as a clean copy of

17   the indictment which, as I indicated, doesn't have the

18   stuff at the end.  It just has the charges.  Okay?  And

19   we'll be sending up six copies of the jury instructions.

20             Then I want you to wait for about ten minutes

21   because it's not unusual for a jury to have a question as

22   soon as they get this stuff.  After that, you're welcome

23   to stay here if you want, but you don't have to.  You do

24   need to be immediately available by phone.  I assume

25   everybody has a cell phone number that you can give to the

1    clerk.  And you need to be able to be back here in less

2    than ten minutes because if I receive any communication

3    from the jury touching on the merits of the case, I will

4    not communicate back to them until we have gathered and

5    made a record and I have made a decision as to what the

6    appropriate response should be.

7

8                    * * * TRANSCRIPT CONCLUDED * * *

9

10                        REPORTER'S CERTIFICATE

11           I, Karen S. Hanna, certify that the foregoing

12    transcript constitutes a true and accurate transcript of

13    the original shorthand notes of the proceedings had at the

14    time and place aforesaid before the HONORABLE MICHAEL M.

15    MIHM, U.S. District Judge.

16                            s/Karen S. Hanna

17                            _____

18                            Karen S. Hanna, C.S.R.
                             License #084-001760

19

20

21

22

23

24

25